UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL L. HELD,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN COLVIN,<br>　　　　Defendant. | Case No. 13-cv-05803-NC<br><br>**REQUEST FOR SUPPLEMENTAL BRIEFING**<br>Re: Dkt. No. 35 |

　　　On August 29, 2014, pro se plaintiff Paul Held filed with the Court a medical report signed by his treating physician Dr. Joseph R. Meyers, and dated August 27, 2014 ("Meyers 2014 report"). Dkt. 35 (entitled "Physical Residual Functional Capacity Assessment" and labeled "Exhibit A" to plaintiff's motion to remand). In this report, Dr. Meyers states, "The patient's disability has not improved since Dr. Lavorgna's 2005 report; the patient has actually be[c]ome more symptomatic over the ensuing 9 years. Therefore it is difficult to me to ascertain how the patient could suddenly become 'better' with NO change in MRI or x-rays or clinical symptoms." Dkt. No. 35 at 6. Held submitted the Meyers 2014 report after Colvin filed a cross motion for summary judgment. Dkt. No. 32. Thus, Colvin's motion did not address or evaluate this document.

　　　Under the Social Security Act, the district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

Case No.: 13-cv-05803-NC

incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

To be material, new evidence must bear directly and substantially on the matter in dispute. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984) (citation omitted). Evidence is material where there is a "*reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (1984) (emphasis added) (citation omitted). "The good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary." *Burton*, 724 F.2d at 1417-18 (citation omitted). If the record is incomplete, it is within the court's discretion to remand the case for consideration of additional evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir .1993).

Here, the Court's tentative view is that the Meyers 2014 report meets the standards for materiality and good cause under Ninth Circuit law. But because the Court has not heard Colvin's position on this issue, the Court requests that Colvin submit additional briefing regarding this document within 21 days. Specifically, Colvin should address whether the Meyers 2014 report is material and whether Held has shown good cause for his failure to introduce this evidence in prior proceedings. If Colvin believes that the Court should not consider this report in its analysis, she should explain why.

**IT IS SO ORDERED.**

Dated: January 30, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.: 13-cv-05803-NC                      2